Filed 7/23/24  P. v. Mack CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>TIMOTHY MACK,<br><br>　　　Defendant and Appellant. | B331860<br><br>(Los Angeles County<br>　Super. Ct. No. BA286391) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Sam Ohta, Judge.  Affirmed.

Sharon Fleming, under appointment by the Court of Appeal, and Timothy Eugene Mack, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

In 2006, a jury convicted defendant Timony Mack of three counts of first degree murder arising out of two separate incidents: the killing of Norman Fields on April 17, 2000, and the killings of Howard and Jontrae Byrdsong on June 6, 2001.  The jury found true the special circumstance allegations that the Fields murder was committed by lying in wait, that the Byrdsong murders were committed for financial gain and to prevent a witness from testifying, and that Mack was convicted of multiple murders.

In 2023, Mack filed a petition for resentencing of his conviction pursuant to Penal Code section 1170.95 (1172.6).[1]  The trial court summarily denied the petition.  On appeal, appellate counsel filed a brief that summarized the procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216.  Mack submitted his own letter brief.  We affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2006, a jury convicted Mack of three counts of first degree murder (§ 187, subd. (a)) arising out of two separate incidents: the killing of Norman Fields on April 17, 2000 (count 3), and the killings of Howard and Jontrae Byrdsong on June 6, 2001 (counts 1 and 2).  The jury found true the special circumstance allegations that the Fields murder was committed by lying in wait (§ 190.2, subd. (a)(15)), that the Byrdsong murders were committed for

---

[1]     All further statutory citations are to the Penal Code unless otherwise stated.

Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).  For ease of reference, we will refer to the section by its new numbering only.

financial gain (§ 190.2, subd. (a)(1)) and to prevent a witness from testifying (§ 190.2, subd. (a)(10)), and that Mack was convicted of multiple murders (§ 190.2, subd. (a)(3)). Mack was sentenced to three consecutive life terms without the possibility of parole.

On appeal, this court affirmed the judgment. (*People v. Mack* (Nov. 13, 2007, B190619) [nonpub. opn.].)

On September 10, 2021, Mack, in pro. per., filed a petition for resentencing. On September 23, 2021, the court appointed him counsel. On November 15, 2021, the People filed an opposition, contending Mack was ineligible for relief as a matter of law.

On April 8, 2022, the trial court granted Mack's request to dismiss his pending petition without prejudice. On June 15, 2022, and August 15, 2022, Mack filed petitions for resentencing. The court again appointed counsel for him. On February 10, 2023, the People informed the court that they would be proceeding on their previously filed opposition.

On June 12, 2023, the court summarily denied the petition. The court found "the record of conviction refutes the allegation made by [Mack] that he could not have been convicted based on the changes [in the law]. The record show[s] as a matter of law that [Mack] was found by the jury to have entertained inten[t] to kill on all three counts of murder for which he was convicted." The court granted defense counsel's request to attach a report and recommendation on Mack's (then pending) federal habeas corpus petition, dated April 7, 2010.[2]

Defendant timely appealed.

---

[2] We grant appellant counsel's motion to augment the record to include this document.

# DISCUSSION

### A. *Governing Principles*

Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1.) Senate Bill No. 775 modified the law to "expand the authorization to allow a person who was convicted of murder under any theory under which malice is imputed to a person based solely on that person's participation in a crime . . . to apply to have their sentence vacated and be resentenced," and to clarify "that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1.)

"Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended," now codified in section 1172.6. (*People v. Strong* (2022) 13 Cal.5th 698, 708; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*).) "If [a] petitioner ma[kes] a prima facie showing for relief, the trial court [is] required to issue an order to show cause for an evidentiary hearing." (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 891, citing § 1172.6, subd. (c).) In assessing eligibility at the prima facie stage, the court ""takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved."" (*Lewis, supra*, 11 Cal.5th at p. 971.) The court

4

may deny the petition, however, if the record of conviction demonstrates that the petitioner is ineligible for relief as a matter of law. (*Id.* at pp. 970–972.)

Where a trial court denies a section 1172.6 petition based on the failure to make a prima facie case for relief, our review is de novo. (See *People v. Drayton* (2020) 47 Cal.App.5th 965, 981, overruled in part on another ground in *Lewis, supra,* 11 Cal.5th at pp. 962–970.)

### B. *Analysis*

In his letter brief, Mack challenges the sufficiency of the evidence for his murder convictions based on newly discovered evidence and also asserts that he received ineffective assistance of trial and appellate counsel. However, "[t]he mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) Moreover, Mack's questioning of the evidence against him as well as the adequacy of his counsel does not demonstrate that the court erred in denying his petition for resentencing. (*People v. Gonzalez* (2021) 12 Cal.5th 367, 410 [it is the appellant's burden to affirmatively demonstrate error].)

//
//
//
//
//
//

## DISPOSITION

The trial court's postjudgment order denying Mack's section 1172.6 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


CURREY, P. J.


MORI, J.

6